**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN MING a/k/a DAVIS SMITH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | NO.   06-1673 |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al., | : | |
| Respondents. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                March 28, 2007

      Petitioner has objected to the Report and Recommendation of Magistrate Judge L. Felipe Restrepo.  His primary objection is that the Superior Court decision upholding his conviction as against the sufficiency of the evidence claim was contrary to and an unreasonable application of clearly established United States Supreme Court decisions in effect at the time of his trial; *to wit*, Francis v. Franklin, 471 U.S. 307, 314-15 (1985); Ulster County Court v. Allen, 442 U.S. 140, 157-63 (1979); Barnes v. United States, 412 U.S. 837, 842 (1973), and Tot v. United States, 319 U.S. 463, 468 (1943).

      The cases cited above deal in pertinent part with the drawing of inferences.

      As set forth in p. 3 of Petitioner's objections, these cases stand for the following:

> The drawing of inferences is governed by the constitution and the due process clause.  *See* Francis v. Franklin, 471 U.S. 307, 314-15 (1985); Ulster County Court v. Allen, 442 U.S. 140, 157-63 (1979); Barnes v. United States, 412 U.S. 837, 842 (1973) ("an inference is 'irrational' or 'arbitrary', and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."); Tot v. United States, 319 U.S. 463, 468 (1943).  Before an inference can be drawn it

must be shown to be "more probable than not" and if the inference is the only evidence connecting an accused to an essential element of the crime or crimes charged, the inference must go far beyond being "more probably than not" and must meet the high standard of being established beyond a reasonable doubt.

The Pennsylvania Superior Court decision, reported at 832 A.2d 540, upholding Petitioner's conviction as against a sufficiency of the evidence claim, is according to Petitioner, contrary to the clearly established Supreme Court decisions cited above.

But the standard the Superior Court followed was:

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Ming, 832 A.2d 540 (Pa. Super. July 2, 2003).

As pointed out in Magistrate Judge Restrepo's report, the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 318, 319 (1979) laid out the following standard for review of sufficiency of the evidence:

After *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the

record evidence could reasonably support a finding of guilt beyond a reasonable doubt.  But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  *Woodby v. INS*, 385 U.S. at 282 (emphasis added).  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Johnson v. Louisiana*, 406 U.S. at 362.  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law.

The Superior Court standard for determining the sufficiency of the evidence was neither contrary to nor an unreasonable application of clearly established United States Supreme Court decisions.

An order follows.

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| JOHN MING a/k/a DAVIS SMITH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | NO.  06-1673 |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al., | : | |
| Respondents. | : | |


## <u>ORDER</u>

AND NOW, this 28th day of March, 2007, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and Respondent's opposition thereto, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, and Petitioner's objections thereto, it is hereby ORDERED that:

1.     The Report and Recommendation is APPROVED and ADOPTED.

2.     The Petition for Writ of Habeas Corpus is DENIED.

3.     A certificate of appealability shall not issue since, for the reasons set forth in the Report and Recommendation, Petitioner has not made a substantial showing of the denial of a constitutional right.


BY THE COURT:


*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.